THE PEOPLE ex rel. S. D. Burton, County Collector, Appellee, vs. THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. TAXES—*record of meeting of commissioners may be amended in accordance with the fact.* The record of a meeting of highway commissioners and the certificate of the commissioners for the road and bridge tax may be amended to show that the rate of taxation was fixed at such meeting, where the evidence shows that such action was actually taken by the commissioners.

2. The other questions involved are controlled by the decision in *People* v. *Illinois Central Railroad Co. (ante,* p. 236.)

APPEAL from the County Court of Moultrie county; the Hon. JOHN T. GRIDER, Judge, presiding.

MARION WATSON, (H. T. DICK, of counsel,) for appellant.

J. K. MARTIN, State's Attorney, (J. L. McLAUGHLIN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment and order of sale for taxes, and involves the same record and the same questions as were decided in the case of *People* v. *Illinois Central Railroad Co.* (*ante,* p. 236.)

A further question is raised in this case in regard to the road and bridge tax of the town of Jonathan Creek. The objection to this tax was that no rate was fixed by the highway commissioners at a meeting held between the first Tuesday in August and the first Tuesday in September, as required by the statute. The certificate filed by the commissioners of highways with the county clerk, and the record of their meeting held on the 8th day of August, 1914, showed that the board of highway commissioners found the amount to be levied for road and bridge purposes for the year 1914 to be $4700, and did not show that the rate was fixed. The court permitted the record of this meeting to be amended to show that the rate of tax to be levied was then determined, and permitted the amendment of the certificate of the commissioners of highways in the same way. These amendments were permitted on evidence showing that they were in accordance with the action actually taken by the commissioners. The objection is the same, in substance, as the objection made in the case of *People* v. *Illinois Central Railroad Co. supra,* to the road and bridge tax of the town of Sullivan. It was properly overruled.

The judgment of the county court will be affirmed.

*Judgment affirmed.*